N. J. Dept. Labor—Mischaart v. Gianni.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

OCTAVIA MISCHAART AND HUSBAND, PETITIONERS, v. SEBASTIAN GIANNI, RESPONDENT.

**Death of Employe—Employe Lived at Home of Parents, to Whom He Contributed a Certain Sum—In Return He Received His Board, Etc.—His Mother Kept Boarders, His Father Worked —Employe was in Debt to His Father—Held, That Neither the Father nor Mother Were Dependent Upon Employe.**

On determination of facts and rule for judgment.

For the petitioners, *Weinberger & Weinberger* (*Joseph Weinberger* appearing in their behalf).

For the respondent, *Collins & Corbin* (*Charles W. Broadhurst* appearing in his behalf).

\*          \*          \*          \*          \*          \*          \*

It appeared from the evidence that the petitioner Octavia Mischaart, fifty-one years of age, and the petitioner Camiel Mischaart, forty-nine years of age, were the mother and father, respectively, of the decedent. He was living in their house at the time of his death and contributing to his mother a sum of money each week, the amount of this was in dispute; the mother stating it was $12 a week, and other testimony or the inference from it would indicate that it was $6 a week. In return for this he had a room in the house, obtained his meals there, had his laundry, mending, &c., performed by his mother. The earnings of the decedent were $30 a week at the time of his death. He had been working for respondent one week at the time of his death, and prior to that had been out of work for a number of weeks, and was indebted to his mother to the extent of about $200 for money borrowed. The mother, at the time, was keeping boarders, who paid $7.50 a week, and she had four boarders, or an income of $30 a week from this. The father was working and earning from $30 to $35 a week.

The above resume of the testimony, although not complete in all details, is sufficient to show that the preponderance of the testimony and the fair inference that can be drawn from it indicate there was no dependency by the mother, Octavia Mischaart, or the father, Camiel Mischaart, within the meaning of the provisions of the Workmen's Compensation act, and they, therefore, cannot recover against the respondent except for the allowance provided by the statute for funeral expenses.

\*          \*          \*          \*          \*          \*          \*

HARRY J. GOAS,
*Deputy Commissioner.*